UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **BRANDON CALLIER, on behalf of all others similarly situated,** | § § § |
| *Plaintiff,* | § § |
| v. | § No. 3:24-CV-00391-LS § § |
| **CNU OF TEXAS, LLC d/b/a CASHNETUSA, a Delaware Corporation,** | § § § § |
| *Defendants.* | § § |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR WANT OF PERSONAL JURISDICTION**

Defendant CNU of Texas ("CNU") moves to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).[1] After consideration and oral argument from the parties, the court grants the motion and dismisses this case without prejudice.

**I.    LEGAL STANDARD.**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(2), the plaintiff "bears the burden of establishing [personal] jurisdiction, but is required to present only *prima facie* evidence."[2] The Court must accept as true uncontroverted allegations in the complaint and resolve all factual disputes in the non-movant's favor.[3] In this case, the Court takes such allegations as true only "to the extent they are not contradicted by affidavits."[4] The Court can, however, look beyond the

---

[1] ECF No. 10.
[2] *Pervasive Software, Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 219 (5th Cir. 2012) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006)).
[3] *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins.*, 921 F.3d 522, 539 (5th Cir. 2019).
[4] *Wyatt v. Kaplan*, 686 F.2d 276, 282 n.13 (5th Cir. 1982) (citation omitted).

complaint to determine whether the plaintiff made a *prima facie* case for jurisdiction and may consider the entire record at the time of the motion.[5]

Personal jurisdiction exists if the forum state's long-arm statute extends to the defendant and exercise of such jurisdiction is consistent with due process.[6] "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis."[7] Due process requires that a defendant have "minimum contacts" with the forum state and that exercising jurisdiction is consistent with "traditional notions of fair play and substantial justice."[8]

"Minimum contacts" can give rise to either specific jurisdiction or general jurisdiction.[9] In this case, Plaintiff asserts specific jurisdiction,[10] which exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action.[11] The Fifth Circuit employs a three-step analysis in a specific jurisdiction inquiry: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable."[12] Even where a defendant has no physical presence in the forum state, a single purposeful contact may be sufficient to confer personal jurisdiction if the cause of action arises from the contact.[13]

---

[5] *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (citations omitted).
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).
[10] ECF No. 11, at 3-8.
[11] *Wilson*, 20 F.3d at 647.
[12] *Seiferth*, 472 F.3d at 271 (quoting *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002).
[13] *Nuovo Pignone*, 310 F.3d at 379 (citing *McGee v. Int'l Life Ins. Co.*, 335 U.S. 220, 222 (1957)).

A specific jurisdiction inquiry "focuses on 'the relationship among the defendant, the forum, and the litigation.'"[14] Courts consider whether the defendant's conduct and connection with the forum state is such that the defendant "should reasonably anticipate being haled into court there."[15] The relationship between the defendant and the forum state "must arise out of contacts that the 'defendant himself' creates with the forum State" and not "the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State."[16]

## II.  ANALYSIS.

CNU was incorporated in Delaware and has a principal place of business in Illinois.[17] It is an LLC with a sole member that is an LLC, whose sole member in turn is a Delaware corporation with its principal place of business in Illinois.[18] Despite its corporate name—CNU of Texas, LLC—CNU argues that it did not purposefully avail itself of the privilege of conducting activities in Texas.[19] As Plaintiff alleges only specific jurisdiction, the Court's analyzes only CNU's contacts with Texas related to this lawsuit, not its general contacts with Texas.[20]

Plaintiff alleges that he received text messages soliciting consumer loan services from "Simpleverify," "Checkgo," and "Automatic Policy."[21] He also appears to allege that "5 Minute Policy" sent him a text.[22] Plaintiff further alleges that each text contained a link, which led to a website with the same business address in Las Vegas, Nevada.[23] When Plaintiff submitted a loan

---

[14] *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)).
[15] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).
[16] *Walden*, 571 U.S. at 284, 286 (quoting *Burger King*, 471 U.S. at 475).
[17] ECF No. 10-1 ¶ 3.
[18] *Id.*
[19] ECF No. 10, at 9.
[20] *Wilson*, 20 F.3d at 647.
[21] ECF No. 9 ¶ 17.
[22] *Id.* at 8.
[23] *Id.* ¶ 18.

application using the website[24] he was directed to cashnetusa.com, which stated that it was "owned and operated by CNU Online Holdings, LLC and its subsidiaries and affiliates operating under the CashNetUSA brand."[25] CNU Online Holdings, LLC is the sole member of Defendant CNU of Texas, LLC.[26] The website also states: "TX residents: CashNetUSA operates as a Credit Access Business (CAB) to arrange a loan between you and an unaffiliated third-party lender."[27]

Plaintiff alleges that the lead generating companies (Simpleverify, Checkgo, Automatic Policy, and 5 Minute Policy) were CNU's "agents." Under Texas law, "agency" is a legal relationship where one party, an agent, acts on behalf of the principal and is subject to the principal's control.[28]

> To prove agency, evidence must establish that the principal has both the right: (1) to assign the agent's task; and (2) to control the means and details of the process by which the agent will accomplish that task. It is the principal's extent of control over the details of accomplishing the assigned task that primarily distinguishes the status of independent contractor from that of agent.[29]

Defendant filed a sworn affidavit asserting that it has never operated or held itself out as any of the lead generating companies (Simpleverify, Checkgo, Automatic Policy, or 5 Minute Policy).[30] It asserts that it has no contractual relationship with any of these companies[31] and that it is not affiliated with the Las Vegas business address Plaintiff describes in the amended complaint.[32] The affidavit further explains that CNU did not send any of the text messages at

---

[24] *Id.* ¶ 19-21.
[25] *Id.* ¶¶ 22, 24, 29, 37.
[26] ECF No. 10-1 ¶ 3.
[27] ECF No. 9 ¶ 30.
[28] *Indian Harbor Ins. v. Valley Forge Ins.*, 535 F.3d 359, 364 (5th Cir. 2008).
[29] *Id*.
[30] ECF No. 10-1 ¶ 6.
[31] *Id.* ¶ 7.
[32] *Id.* ¶ 9.

issue,[33] did not direct any entity to send any of the text messages,[34] and did not know about such texts until Plaintiff sent CNU his original complaint.[35] Finally, CNU explains that it received Plaintiff's phone number as a potential lead from a third party not listed in Plaintiff's complaint and not associated with the Las Vegas address in the complaint.[36]

Given the foregoing, Plaintiff fails to meet his burden to establish that this Court has personal jurisdiction over CNU, and Plaintiff's allegations are so thin and nebulous there is no basis to order jurisdictional discovery.

### III.   CONCLUSION.

CNU's Rule 12(b)(2) motion to dismiss [ECF No. 10] is **GRANTED**. This case is dismissed without prejudice and the Clerk shall **CLOSE THE CASE**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on August 3, 2025.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[33] *Id.* ¶ 10.
[34] *Id.* ¶ 11.
[35] *Id.* ¶ 13.
[36] *Id.* ¶ 14.